Filed 10/10/24  P. v. Martinez CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B336928 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA099475) |
| v. | |
| JOSE MARTINEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David Walgren, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

The trial court convicted Jose Martinez on a no contest plea of possessing a controlled substance while armed with a loaded, operable firearm, in violation of Health and Safety Code section 11370.1, subdivision (a). He appeals from the judgment after the trial court denied his motion to suppress under Penal Code section 1538.5.

We appointed counsel to represent Martinez in this appeal. Martinez's appointed counsel reviewed the record and did not identify any arguable issues. Nor, after reviewing the record independently, have we. Therefore, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 4, 2022 San Fernando Police Officer Nicholas Murillo observed a gray car parked in front of an auto repair business. The police had received complaints about the auto repair business selling nitrous oxide to teenagers who were ingesting it. Officer Murillo observed two men placing a tank of nitrous oxide in the trunk of the gray car and driving away.

Officer Murillo followed the car. When the officer noticed the vehicle had no front license plate, he initiated a traffic stop. Officer Murillo saw four men in the car, including Martinez.

One of the passengers got out of the car from the back left passenger seat, but the officer ordered him to get back into the car. Officer Murillo asked whether the individuals in the car had any drugs or a prior criminal history. The driver said that "we are all innocent people here," that they had not made the nitrous oxide into "ballons yet," and that "you caught us too early." When the officer asked if they were going to use the nitrous oxide, they responded "oh, yeah" and "not anymore."

Backup officers arrived. The driver of the car refused to allow the officers to search the car. After conducting a warrant check, the officers determined the passenger in the right front seat was on probation for possession of a firearm. The officers did not learn anything about Martinez because he gave them a false name and a false date of birth.

Officers observed that the passenger in the front seat had a gun and that there was an empty gun holster in a compartment on the driver's door. Officers also observed a bulge in Martinez's stomach area and ordered him and the others out of the car. As Martinez was getting out of the car, a gun fell to the floor. Officers found a second gun in Martinez's waistband.

The People charged Martinez with two counts of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)), five counts of unlawful possession of ammunition by a felon (*id.*, § 30305, subd. (a)(1)), two counts of carrying a loaded handgun while in a vehicle (*id.*, § 25850, subd. (a)), one misdemeanor count of giving false information to a police officer (*id.*, § 148.9, subd. (a)), one count of possessing a controlled substance while in prison (*id.*, § 4573.6, subd. (a)),[1] and one count of possessing a controlled substance with a loaded firearm (Health & Saf. Code, § 11370.1, subd. (a)).

Martinez filed a motion to suppress all physical evidence seized during the 23-minute traffic stop, including evidence of the two firearms and the ammunition. Martinez argued police obtained the evidence in violation of the Fourth Amendment because the traffic stop was unduly prolonged beyond the time

---

[1] The People alleged Martinez possessed methamphetamine "while in the San Fernando City Jail without authorization."

reasonably required to issue a ticket for not having a license plate.  (See *Rodriguez v. United States* (2015) 575 U.S. 348, 354 ["Because addressing the infraction is the purpose of the stop, it may 'last no longer than is necessary to effectuate th[at] purpose.'"]; *People v. Ayon* (2022) 80 Cal.App.5th 926, 936 [same].)

The trial court denied the motion.  The trial court ruled "[t]he officer clearly had reasonable suspicion to stop the car, not only for the possible nitrous investigation, but also for the front plate."  The court also ruled that, "unlike *Rodriguez* and *Ayon*, within just three and four minutes the officer, in this court's opinion, has probable cause to believe specifically that they're violating Penal Code section 381, subdivision (b)[2] . . . . Arguably, they're also conducting an investigation . . . [and] they are making admissions implicitly that they have it to get high, that he stopped them too early. . . .  The officer absolutely had a reasonable ground for belief of guilt based on his own observations and the admissions made by the individuals in the vehicle."

Martinez pleaded no contest to possession of a controlled substance while armed with a loaded, operable firearm.  The trial

---

2       Which states:  "Any person who possesses any substance or material, which the State Department of Public Health has determined . . . has toxic qualities similar to toluene, with the intent to breathe, inhale, or ingest for the purpose of causing a condition of intoxication, elation, euphoria, dizziness, excitement, irrational behavior, exhilaration, satisfaction, stupefaction, or dulling of the senses or for the purpose of, in any manner, changing, distorting, or disturbing the audio, visual, or mental processes, or who is under the influence of such substance or material is guilty of a misdemeanor."

4

court dismissed the remaining counts. The court sentenced Martinez to three years in prison, and Martinez timely appealed.

## DISCUSSION

We appointed counsel to represent Martinez in this appeal. After reviewing the record, counsel filed a brief raising no issues. On August 2, 2024 appointed counsel advised Martinez that he could personally submit any contentions or issues he wanted the court to consider. Counsel also sent Martinez the transcripts of the record on appeal and a copy of the appellate brief. On August 5, 2024 this court also sent Martinez a letter advising him that within 30 days he could submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments he wanted us to consider. We did not receive a response from Martinez.

We have examined the record and are satisfied that appellate counsel for Martinez has complied with his responsibilities and that there are no arguable issues. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

**DISPOSITION**

The judgment is affirmed.

SEGAL, Acting P. J.

We concur:

FEUER, J.

STONE, J.